IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRED ENGH**, | Case No. 3:25-cv-673-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **FIDELITY BROKERAGE SERVICES, LLC**; and **ELAN FINANCIAL SERVICES**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Fred Engh, representing himself, has sued Fidelity Brokerage Services, LLC ("Fidelity") and Elan Financial Services ("Elan"). Against only Fidelity, Engh alleges breach of fiduciary duty, negligence, failure to disclose, fraud, and tortious interference with contractual relations. Against only Elan, Engh alleges breach of contract. Against both Fidelity and Elan, Engh alleges breach of the implied covenant of good faith and fair dealing, violations of federal and state consumer protection laws, and intentional infliction of emotional distress. Elan has moved to compel arbitration and stay litigation. ECF 37. Separately, Elan has moved to dismiss a portion of Engh's Complaint. ECF 28. For the reasons stated below, the Court grants Elan's motion to compel litigation and stay litigation and denies as moot Elan's motion to dismiss.

## BACKGROUND

Elan is a division of U.S. Bank National Association that provides credit card issuing and servicing for other banks and credit unions. Engh alleges that he maintained a Roth IRA,

PAGE 1 – ORDER

Traditional IRA, and Fidelity Visa Signature credit card, which were all accessible through a Fidelity website and governed by the Elan Cardmember Agreement (the "Agreement"). Compl. (ECF 2) at 2; *see also* ECF 38 at 3-12 (the Agreement). The Agreement contains the following arbitration provision:

> PLEASE READ THIS PROVISION CAREFULLY. UNDER THIS PROVISION, YOU WAIVE YOUR RIGHTS TO TRY ANY COVERED CLAIM IN COURT BEFORE A JUDGE OR JURY AND TO BRING OR PARTICIPATE IN ANY CLASS OR OTHER REPRESENTATIVE ACTION.
>
> . . .
>
> Claims subject to our agreement to arbitrate shall include all of the following: (1) Claims related to or arising out of this Agreement, or any prior or later versions of this Agreement as well as any changes to the terms of this Agreement; (2) Claims related to or arising out of any aspect of any relationship between us that is governed by this Agreement, whether based in contract, tort, statute, regulation, or any other legal theory; and (3) Claims that relate to the construction, scope, applicability, or enforceability of this arbitration provision. Claims include Claims that arose before we entered into this Agreement (such as Claims related to advertising) and after termination of this Agreement.
>
> . . .
>
> The arbitration shall be decided by a single neutral arbitrator selected in accordance with [the American Arbitration Association ("AAA")]'s or JAMS' rules, as applicable.

ECF 38 at 7.

Engh alleges that on February 28, 2025, he initiated arbitration and served the JAMS filing fee on Elan by certified mail to the address 9321 Olive Boulevard, St. Louis, MO 63137. ECF 41 at 1, 7. Engh asserts that Elan refused to participate by failing to pay the $3,500 filing fee. *Id.* at 1, 6. Elan states that the St. Louis address appears to be a Missouri branch of U.S. Bank, not Elan. ECF 42 at 1-2.

PAGE 2 – ORDER

JAMS sent a document titled "Notice to Parties" on March 27, 2025, and the address for Elan was in Fargo, North Dakota, which is not Elan's address. ECF 42 at 2; ECF 43 ¶ 2 & Ex. A. This Notice was returned to sender on April 3, 2025. ECF 43 ¶ 3 & Ex. B. On May 2, 2025, JAMS mailed a document titled "Final Request for Filing Fee" to the St. Louis address, *id.* ¶ 4 & Ex. C, which similarly was returned to sender on May 19, 2025, *id.* ¶ 5 & Ex. D. On June 18, 2025, JAMS mailed a document titled "Final Request for Filing Fee" to 1255 Corporate Drive, Irving, TX 75038, which is Elan's correct address. *Id.* ¶ 6 & Ex. E. On July 29, 2025, Elan paid the filing fee in full. *Id.* ¶ 7 & Ex. F. On August 11, 2025, JAMS sent a mailing to the parties to confirm the commencement of arbitration as of that date. *Id.* ¶ 8 & Ex. G. Also on August 11th, Engh sent an email to the arbitration administrator objecting to the commencement of arbitration and arguing that JAMS had closed the case for non-payment on May 2, 2025. *Id.* Ex. H at 1-2. The arbitration administrator responded that "JAMS did not close the file because the correspondence sent to Respondent Elan Financial was returned from the address you initially provided. We were later given an alternative address, resent the correspondence, and subsequently received a response from the Respondent." *Id.* at 1.

## DISCUSSION

In all contracts involving interstate commerce, the Federal Arbitration Act ("FAA") specifies that "written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (quoting 9 U.S.C. § 2). The FAA "leaves no place for the exercise of discretion by a district court but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (emphasis in original) (citing 9 U.S.C. §§ 3, 4). The district court must limit itself "to determining (1) whether

a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

The parties agree that the arbitration provision contained in the Agreement is a valid agreement and that the dispute here falls within the scope of that provision. Instead, Engh argues that Elan waived its right to compel arbitration by refusing to pay the JAMS filing fee and participate in arbitration. As discussed above, however, Elan provides undisputed evidence that it timely paid the JAMS filing fee after it received the mailed request. JAMS then commenced the arbitration. Accordingly, unlike the parties in the cases that Engh cites in support of his argument, Elan has not been found in default or admitted that it refused to participate. *Contra Sink v. Aden Ents., Inc.*, 352 F.3d 1197, 1199-1200 (9th Cir. 2003) (affirming district court's conclusion that party defaulted in arbitration where the party did not pay the costs of arbitration and the arbitrator entered an order finding the party to be in default); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (holding that a party "clearly breached the arbitration agreement" when it "admitted that it refused to arbitrate" and that this breach "deprives it of the right to enforce" the arbitration agreement). Thus, Elan has not waived its right to compel arbitration by defaulting.

## CONCLUSION

The Court GRANTS Elan's Motion to Compel Arbitration and Stay Litigation, ECF 37. The Court DENIES AS MOOT and without prejudice Elan's Partial Motion to Dismiss, ECF 28.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge